## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

DESI ARNEZ LEWIS,

      PETITIONER,

v.                                                  CIVIL ACTION NO. 2:13cv549

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

      RESPONDENT.

### REPORT AND RECOMMENDATION

Before the Court is the petitioner Desi Arnez Lewis' petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 ("amended petition"), ECF No. 1, and the Respondent's motion to dismiss, ECF No. 3. This matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned disposes of the motion to dismiss on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). The undersigned would find that Lewis filed this second or successive habeas petition without first receiving approval from the United States Court of Appeals for the Fourth Circuit, or in the alternative, that his petition is barred by the statute of limitations. Therefore, it is **RECOMMENDED** that the Respondent's motion to dismiss, ECF No. 3, be **GRANTED** and Lewis' petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

On June 12, 1997, a jury in the Circuit Court for the City of Petersburg convicted Lewis of second-degree murder and use of a firearm in the commission of murder. On December 11, 1997, he was sentenced to forty years of imprisonment for second-degree murder, plus an additional three years of imprisonment for the firearms charge, for a total forty-three year term of incarceration. Lewis appealed this judgment to the Court of Appeals of Virginia, which dismissed his appeal on April 24, 1998. He then appealed to the Supreme Court of Virginia, which refused the appeal on July 30, 1998. Lewis did not petition the United States Supreme Court for a writ of certiorari, and thus, the judgment against him became final on October 28, 1998, once the time to do so had expired. S. Ct. R. 13(1). Lewis never filed a petition for a writ of habeas corpus in any Virginia state court. *See* ECF No. 1 ("Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? 'No.'").

On August 13, 2002, Lewis filed his first federal habeas petition in this Court. *See Lewis v. Johnson*, No. 2:02-cv-746 (E.D. Va.). The petition was dismissed with prejudice on May 12, 2003 because the claims were barred by the one-year statute of limitations period, as prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.*, ECF No. 16. Lewis never appealed this final order. On August 22, 2013, Lewis filed the instant federal habeas petition in this Court.[1] ECF No. 1 at 15. In the petition, Lewis raises the following four claims that he is being held as a state prisoner in violation of the Constitution or federal laws of the United States:

---

[1] The undersigned uses as the date of filing the date the petitioner certified that he placed the petition for a writ of habeas corpus in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988).

1. Certiorari – do [sic] to The Supreme Court could not possibly hear all of the cases that come before it. It disposes of most appeal[s] summarily by denying petition for a writ of certiorari. This is a device use[d] by the court in choosing the cases it wishes to hear during a session.
2. Under Article I Section II of the Virginia Constitution no person shall be deprived of his life, liberty or property without due process of law. The court found that this due process protection embodied a right to an informed jury fully appraised of the information necessary to impose an appropriate punishment. Yarbrough, 258 Va.
3. 350 HIV Sentencing Guide Lines. The court reasoned that the sentencing stru[c]ture, which denied the jury a right to accurate information about parole was structurally defective in that it led the jury to base its sentencing decision on misconception about the availability of parole which served to direct the jury in favor of imposing a harsher sentence, 43 years for – 2nd degree/use of a firearm in a Domestic Violence [] Case [350 HIV Sentenc[ing] Guide Lines].
4. 19:29 Order for Psychiatric evaluation for sentencing. Petition suffer[s] from "Post Dramatic Stress" 19:29 order. The Commonwealth by cou[n]sel the Court a motion for Psychiatric evaluation for sentencing [sic].

*Id.* at 5-10. On February 11, 2014, the Attorney General of Virginia on behalf of the Respondent filed a motion to dismiss, rule 5 answer, brief in support of the motion to dismiss, and *Roseboro* notice. ECF Nos. 3-6. Lewis filed an opposition brief to the motion to dismiss on March 6, 2014. ECF No. 7. The Respondent did not file a reply brief, the time to do so has expired, and therefore the matter is ripe for a recommended disposition.

## II. PROCEDURAL ISSUES

### A. Successive Habeas Petitions

This federal district court does not have discretion to consider the merits of a successive petition erroneously filed without having obtained court of appeals authorization. 28 U.S.C. § 2244(b)(3)(A); *United States v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam). The statute provides that the district court *shall* dismiss a second or successive petition that has not been authorized by the circuit court. 28 U.S.C. §§ 2244(b)(1), (4) (emphasis added).

On August 13, 2002, Lewis filed a previous petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court. *See Lewis v. Johnson*, 2:02-cv-746 (E.D. Va.). This petition was ultimately denied and dismissed with prejudice on May 12, 2003, 2003. *See* 2:02-cv-746, ECF No. 16. Lewis did not appeal that decision to the United States Court of Appeals for the Fourth Circuit. Over eleven years later, Lewis filed the original petition in this matter on August 22, 2013. ECF No. 1 at 15. Before doing so, however, he failed to first obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second, or successive, habeas petition, as the statute requires him to do. 28 U.S.C. § 2244(b)(3)(A). Without such authorization from the court of appeals, this Court has no discretion to address the merits of Lewis' claims, and must dismiss the petition on this basis alone. 28 U.S.C. §§ 2244(b)(1), (4). Therefore, the undersigned would find that this petition is a second, or successive, habeas petition filed by Lewis without authorization from the United States Court of Appeals for the Fourth Circuit, and recommends that the petition be dismissed as an unauthorized filing.

### B. Statute of Limitations

In the alternative, the Court would find that Lewis' petition is time barred by the statute of limitations. Under AEDPA, section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). "Courts have strictly construed AEDPA's one-year limitations period. Even petitions filed only

4

a single day late must be dismissed under the statute." *Jefferson v. Biter*, No. 12-01934, 2012 WL 7811195, at *4 (C.D. Cal. Nov. 16, 2012) (quoting *United States v. Locke*, 471 U.S. 84, 101 (1985) ("[R]egardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced . . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.")) (additional citation omitted).

Here, the judgment against Lewis became final on October 28, 1998, as discussed above. Accordingly, he had until October 28, 1999 to file a federal habeas petition in this Court. By filing the instant petition on August 22, 2013, he is almost fourteen years late. Lewis is not entitled to any statutory tolling, because he never filed a state habeas petition. Similarly, the undersigned would also decline to equitably toll the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("[The Fourth Circuit] ha[s] held that the AEDPA statute of limitations is subject to equitable tolling.") (citing *Harris v. Commonwealth*, 209 F.3d 325, 330 (4th Cir. 2000)). Lewis makes no showing that he is entitled to this equitable remedy that is used only in rare circumstances. Specifically, to be entitled to equitable tolling of the statute of limitations period, Lewis must demonstrate (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010). Lewis presents no argument that he pursued his rights diligently, nor does he argue some extraordinary circumstance prevented a timely filing. Accordingly, Lewis wholly fails to set forth any reason that he is entitled to equitable tolling of

5

the statute of limitations period, and therefore, fails to satisfy this high burden. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.") (citations omitted). Therefore, the undersigned would also find that Lewis' petition is barred by the statute of limitations, and recommends dismissal on this basis as well.

### 1. Actual innocence exception does not excuse Lewis' time-barred petition.

In his opposition brief, Lewis admits that this petition constitutes a successive habeas filing, yet asks the Court to adjudicate his claims to prevent a fundamental miscarriage of justice because he is actually innocent. ECF No. 7 at 1 ("The Petitioner is innocent of the charge of second degree murder for which he was convicted, whereby, the ends of justice requires that his successive habeas claim be adjudicated to prevent a fundamental miscarriage of justice."). Lewis admits that he shot the victim in this case, but because "his motivation to shoot the victim was not swayed by any malice, but instead originated from the heat of passion," he argues that he is innocent of second-degree murder, that the jury wrongfully convicted him of such a charge, and instead should have found him guilty of the lesser offense of voluntary manslaughter. *Id.* Typically, under the "actual innocence exception," federal habeas petitioners can overcome a procedural bar to allow the federal court to consider the merits of the constitutional challenge to their state conviction. *See Schlup v. Delo*, 513 U.S. 298, 326 (1995) ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."). The United States Supreme Court recently expanded upon the "actual innocence exception" and determined that it can also be used as a "gateway through which a petitioner may pass" if the impediment to adjudication on the

merits is expiration of the statute of limitations period under 28 U.S.C. § 2244(d)(1). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (citing *Schlup*, 513 U.S. at 329; *see House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)). Moreover, any "unjustifiable delay on a habeas petitioner's part, [while] not an absolute barrier to relief . . . [is still] a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 133 S. Ct. at 1928. Here, Lewis fails to set forth sufficient "new evidence" and a justifiable reason for his delay in filing, and thus, his claim of actual innocence[2] does not excuse his time-barred petition, which was filed fifteen years after his conviction became final, and fourteen years after the statute of limitations period expired.

Lewis admits he "is unable to demonstrate cause and prejudice sufficient to overcome his numerous procedural defaults . . . . Nonetheless, his claims must still be heard, because his case

---

[2] The Court is mindful that Lewis does not argue that he is actually innocent of homicide. Rather, he explicitly acknowledges that he shot the victim in the head, killing him. *See* ECF No. 7 at 3 ("[T]he Petitioner raised his gun and fired striking [the victim] in the head. [The Petitioner] continued running toward [the victim] firing [his gun] as he moved forward, then he fled the scene."). Lewis contends he is "innocent" of second-degree murder, and that in light of the "new evidence," no reasonable juror would have convicted him of second-degree murder, but instead found him guilty of voluntary manslaughter. *Id.* at 1. The Supreme Court has not decided whether the actual innocence test in the procedural default context is applicable in a noncapital case when there is evidence that the defendant committed the crime, but the defendant argues that he is responsible for a lesser degree of guilt. Indeed, lower federal courts are split over whether the actual innocence test applies in the procedural default analysis where the defendant argues that he is responsible for a lesser degree of guilt. *Compare Rozzelle v. Sec'y, Florida Dep't of Corr.*, 572 F.3d 1000, 1015 (11th Cir. 2012), cert. denied, 133 S. Ct. 351 (2012) (holding *Schlup* actual innocence gateway does not extend to petitioners who claim to be guilty of a lesser degree of homicide), *with Jones v. Delo*, 56 F.3d 878, 883 (8th Cir. 1995) (holding *Schlup* applies where the defendant argues that he is responsible for a lesser degree of guilt). The Court need not reach that question, because the Supreme Court decided in *McQuiggin* that the "actual innocence exception" can be used as a gateway to excuse an otherwise time-barred federal petition, which is the case here. 133 S.Ct. 1924, 1928. Therefore, the Court proceeds to analyze Lewis' claim under this framework.

falls within the narrow class of cases involving a fundamental miscarriage of justice." ECF No. 7 at 6. In broadly construing Lewis' argument, it appears the "new evidence" upon which he asks the Court to rely is testimony from his cousin, Ms. Joan Overton. ECF No. 7 at 8. Lewis claims his attorney was ineffective for not having Ms. Overton testify at trial. Specifically, Lewis claims that Ms. Overton would have testified to conversations she had with Lewis' mother regarding the victim, which led Ms. Overton "to believe that Sarah Lewis thought the victim, her ex-boss, was a threat to her & her family." *Id.* Lewis argues that in the face of such evidence, no reasonable juror could have convicted him of second-degree murder and instead would have found him guilty of voluntary manslaughter. Just as the habeas petitioner in *McQuiggin v. Perkins*, Lewis asserts no excuse for filing significantly after the statute of limitations has run but instead argues that a plea of actual innocence can overcome AEDPA's one-year statute of limitations as an "equitable exception." 133 S. Ct. at 1931.

"[T]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence that was not presented at trial." *Schlup*, 513 U.S. 324. Examples of evidence that could establish factual innocence include credible declarations of guilt by another, *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *Schlup*, 513 U.S. at 324, and exculpatory scientific evidence. *Pitts v. Norris*, 85 F.3d 348, 351 (8th Cir. 1996). In short, Lewis makes no showing that Ms. Overton's testimony was not available to be presented at trial, nor does the affidavit of Ms. Overton qualify as "credible" evidence, because it does not establish Lewis' factual innocence, and there is no explanation for why the testimony is being offered fifteen years after Lewis' conviction became final. First, Lewis argues that Ms. Overton's testimony was not known, and

thus unavailable at trial, "because counsel failed to find, interview, and subpoena, Joan V. Overton," the first-cousin of Lewis' mother. ECF No. 7 at 4. "Late-offered" testimony is not "new evidence" if the substance of such testimony was available at Lewis' criminal trial. *Hubbard v. Pinchak*, 378 F.3d 333, 340-41 (3d Cir. 2004). Lewis offers no credible reason as to why Overton's testimony was unavailable, other than the argument that his attorney was ineffective for failing to "find her." This is not "new evidence." Courts recognize credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory evidence as "new evidence" that could be a credible basis to establish the *factual* innocence of the petitioner. Ms. Overton's affidavit does not meet this high standard.

Moreover, as the Supreme Court stated in *McQuiggin*, allegedly new evidence cannot be viewed in a vacuum, but instead, district courts must "count unjustifiable delay . . . as a factor in determining whether actual innocence has been reliably shown" when analyzing the credibility of newly proffered evidence. 133 S. Ct. at 1928. Here, Lewis proffers this affidavit from Ms. Overton fifteen years after his conviction became final, without any justifiable excuse or explanation. *See generally* ECF No. 7. Accordingly, the Court would find that Lewis has failed to meet the demanding burden of showing actual innocence, which would "open the gateway" to adjudication of his claim on the merits, because that "gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S. Ct. at 1936 (citing *Schlup*, 513 U.S. at 316). Therefore, the Court recommends dismissal of Lewis' petition as time-barred.

### III. RECOMMENDATION

For these reasons, the undersigned would find that Lewis filed this second or successive habeas petition without first receiving approval from the United States Court of Appeals for the Fourth Circuit, and that the petition is barred by the statute of limitations, both of which constitute separate and sufficient grounds for dismissal. Therefore, it is **RECOMMENDED** that the Respondent's motion to dismiss, ECF No. 3, be **GRANTED** and Lewis' petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the

Petitioner and counsel of record for the Respondent.

                                              /s/
                                              Lawrence R. Leonard
                                              United States Magistrate Judge
                                              Lawrence R. Leonard
                                              United States Magistrate Judge

Norfolk, Virginia
April ___/___, 2014

11

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Desi Arnez Lewis, #254769, #1106971
Powhatan Correctional Center
3600 Woods Way
State Farm, Virginia 23160
*Pro Se* Petitioner

Mr. Michael Thomas Judge
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent


Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
April ___, 2014

12